IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARIM SHABAZZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-229-M |
| | § | |
| SERVICE EMPLOYEES | § | |
| INTERNATIONAL UNION, LOCAL 100 | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment, dated August 25, 2005, of Defendant Service Employees International Union ("SEIU") Local 100. The Court **DENIES** the Motion.

### I. FACTUAL BACKGROUND

This litigation concerns Plaintiff Karim Shabazz's attempt to secure an "organizer" position with SEIU Local 100. According to Shabazz, on October 23, 2002, he called Orell Fitzsimmons, SEIU Local 100's field director, to inquire about such a position. Shabazz states that he called Fitzsimmons at the suggestion of one of SEIU Local 100's organizers, Kenneth Stretcher. Shabazz alleges that, at Fitzsimmons's request, on October 28, 2002, he faxed a copy of his resume to SEIU Local 100. Shabazz states that, two days later, he called Fitzsimmons three times, and Fitzsimmons refused to hire him, without explanation.

Mr. Fitzsimmons's affidavit states that he talked to Shabazz on the telephone about his interest in employment, and claims that "at the time Mr. Shabazz telephoned me, SEIU Local 100 had already hired other individuals for the Dallas organizer positions available."

Shabazz brought this suit on February 4, 2004, alleging that SEIU Local 100 refused to hire

-1-

him based on his race, religion, and prior filed discrimination claims against a former employer, in violation of Title VII of the Civil Rights Act of 1964. SEIU Local 100 filed its Motion for Summary Judgment on August 25, 2005.

## II. STANDARD OF REVIEW

Summary judgment is warranted when the facts and law as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Pourgholam v. Advanced Telemktg. Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004) (citing Fed. R. Civ. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and disregarding the evidence favorable to the

nonmovant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch Props.*, 140 F.3d at 625. Further, a party must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

The Court examines Title VII race and religion discrimination claims under a "modified *McDonnell Douglas* approach." See *Keelan*, 407 F.3d at 341 (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). Under this framework,

> [T]he plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive alternative).

*Rachid*, 376 F.3d at 312 (quotations and citations omitted). Under this regime, Shabazz must first establish a prima facie case of discrimination. *Id.*; *Keelan*, 407 F.3d at 342. To prove a prima facie case in a failure to hire situation, Plaintiff must show that: (1) he was in a protected class;

-3-

(2) he was qualified for the position sought; (3) he was not selected; and (4) either (a) the position was filled by someone outside the class or (b) he was otherwise not selected because of his protected characteristic. *See McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462 (5th Cir. 2005). If he presents a prima facie case, he raises a presumption of discrimination. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). SEIU Local 100 can rebut this presumption by articulating a legitimate, nondiscriminatory reason for its actions. *Shackelford v. Deloitte & Touche*, 190 F.3d 398, 404 (5th Cir. 1999). This burden on the employer is only one of production, not persuasion, involving no credibility assessments. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). At this point, to defeat summary judgment, Shabazz must present sufficient evidence to create a genuine issue of material fact that either (1) SEIU Local 100's nondiscriminatory reason is not true, but is instead a pretext for discrimination (the "pretext" alternative), or (2) SEIU Local 100's reason, while true, is only one of the reasons for its conduct, and another motivating factor is Shabazz's race or religion (the "mixed-motives" alternative). *See Rachid.*, 376 F.3d at 312.

The Fifth Circuit elucidated the standard for retaliation claims in *Baker v. Am. Airlines, Inc.*:

> [R]etaliation claims based on circumstantial evidence are developed through a burden-shifting construct. To establish a *prima facie* case of retaliation, an employee must show 1) that [he] engaged in protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action. If the employee sets out a prima facie case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its action. After the employee states the reason, any presumption of retaliation drops from the case and the burden shifts back to the employee to show that the stated reason is actually a pretext for retaliation.

No. 04-11486, 2005 U.S. App. LEXIS 24328, at *10 (5th Cir. Nov. 9, 2005) (quotations

and citations omitted).

### III. ANALYSIS

A. Prima Facie Case

SEIU Local 100 argues that Plaintiff has not proven a prima facie case.[1] Specifically, because Fitzsimmons's affidavit establishes that the organizer position was filled at the time Plaintiff applied for employment, SEIU Local 100 argues that Plaintiff cannot prove a prima facie case as to discrimination or retaliation.[2] The Court disagrees. Through his affidavit, Shabazz has presented conflicting evidence. According to his affidavit, Shabazz spoke with Fitzsimmons about the vacant organizer position on October 23, 2002. Shabazz then faxed his resume to SEIU Local 100 on October 28, 2002. Two days later, he called Fitzsimmons. According to Shabazz, Fitzsimmons told him to call back later, because he was on the phone with *another* applicant. At this stage of the litigation, the Court must draw all justifiable inferences in favor of the nonmovant. *Keelan*, 407 F.3d at 338. From Shabazz's affidavit, the Court must infer that Fitzsimmons was talking with an applicant for an organizer position, two days after Shabazz tendered his application, in contravention to what Fitzsimmons alleges. As a result, the Court concludes that Shabazz has created a genuine issue of material fact as to whether

---

[1] Defendant did not base its Motion on any allegations particular to each of Shabazz's different claims, instead mounting a global challenge predicated on elements common to all of the Plaintiff's causes of action. As a result, the Court will follow suit, and consider all of Shabazz's claims together.

[2] The Court assumes that SEIU Local 100 attacks the fourth element of Shabazz's discrimination claim (either (a) the position was filled by someone outside the class or (b) he was otherwise not selected because of his protected characteristic), and the third element of Shabazz's retaliation claim (that a causal link existed between the protected activity and the adverse action).

the organizer position was filled when he applied for employment. The Court declines to grants summary judgment based on this allegation.

SEIU Local 100 did not challenge the balance of Plaintiff's prima facie case for discrimination or retaliation. As a result, the Court will not consider the other elements. *See Baker*, 2005 U.S. App. LEXIS 24328, at *8 n.3 (assuming that, for the purposes of summary judgment, a plaintiff proved elements of her prima facie age discrimination case when neither party argued the existence of those elements); *Lynch Props.*, 140 F.3d at 625 ("The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact.")

B. Non-discriminatory and Non-retaliatory Reason

For the purposes of summary judgment, Shabazz has established a prima facie case of discrimination and retaliation, and thus raises a presumption of discrimination and retaliation. SEIU Local 100 may rebut these presumptions by articulating a legitimate, non-discriminatory reason and a legitimate, non-retaliatory reason for its actions. Fitzsimmons's affidavit provides the alleged reason: he states that at the time Shabazz called him, he had already hired other individuals for the available Dallas organizer positions. This reason successfully rebuts Shabazz's presumptions of discrimination and retaliation.

C. Pretext

To defeat summary judgment, Shabazz may now present evidence that SEIU Local 100's nondiscriminatory reason is not true, but is instead a pretext for discrimination. *See Rachid*, 376 F.3d at 312 (addressing discrimination); *Baker*, 2005 U.S. App. LEXIS 24328, at *10 (addressing

retaliation). Shabazz has done so. As discussed earlier, Shabazz has created a fact issue as to whether the organizer position was in fact filled at the time he applied for employment. In light of the prima facie case, Shabazz's evidence that the employer's proffered reason is false may permit the factfinder to infer intentional discrimination and retaliation. *See Machinchik v. PB Power, Inc.*, 398 F.3d 345, 350-51 (5th Cir. 2005). As a result, the Court finds that Plaintiff has created a fact issue of pretext.

## IV. CONCLUSION

For the reasons outlined above, the Court **DENIES** SEIU Local 100's Motion for Summary Judgment.

**SO ORDERED.**

November 22, 2005.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS